STATE OF MINNESOTA

IN SUPREME COURT

A14-0774



November 17, 2015

OFFICE OF
APPELLATE COURTS

In re Petition for Disciplinary Action against
Bradley Allan Lamb, a Minnesota Attorney,
Registration No. 0391955.

O R D E R

The Director of the Office of Lawyers Professional Responsibility (the Director) has filed a petition for disciplinary action alleging that respondent Bradley Allan Lamb committed the following professional misconduct. He neglected and failed to communicate with a client, failed to provide that client with an accounting, and failed to refund any unearned fees to and provide that client with a copy of his file, *see* Minn. R. Prof. Conduct 1.3, 1.4, 1.15(c)(3), 1.15(c)(4), and 1.16(d), and he failed to cooperate with a disciplinary investigation. *See* Minn. R. Prof. Conduct 8.1(b) and Rule 25, Rules on Lawyers Professional Responsibility (RLPR).

On June 5, 2014, we suspended respondent pursuant to Rule 12(c)(1), RLPR, after he could not be found in the state and the Director was unable to serve him with the petition for disciplinary action. *In re Lamb*, No. A14-0774, Order at 1 (Minn. filed June 5, 2014). We provided that respondent had 1 year to move the court for vacation of the suspension order and for leave to answer the petition for disciplinary action and that failure to appear in this matter within 1 year would result in the allegations of the petition for disciplinary action being deemed admitted. *Id.*

1

On July 13, 2015, we deemed the allegations in the petition admitted after respondent failed to move the court for vacation of the suspension order. *In re Lamb*, No. A14-0774, Order at 1 (Minn. filed July 13, 2015). We provided that respondent could file a memorandum showing cause why the court should not discipline him. *Id.* at 2. We also invited the parties to submit written proposals regarding the appropriate discipline to be imposed. *Id.*

Respondent did not file a memorandum in response to the order to show cause. He also did not file a written proposal regarding the appropriate discipline. The Director asks the court to impose an indefinite suspension with no right to petition for reinstatement for 1 year.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Respondent Bradley Allan Lamb is indefinitely suspended from the practice of law with no right to petition for reinstatement for 1 year from the date of the filing of this order.

2. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals), and shall pay $900 in costs pursuant to Rule 24, RLPR.

3. Respondent may petition for reinstatement pursuant to Rule 18(a)-(d), RLPR. Reinstatement is conditioned on successful completion of the professional responsibility portion of the state bar examination and satisfaction of continuing legal education requirements pursuant to Rule 18(e), RLPR.

2

Dated: November 17, 2015

BY THE COURT:

David R. Stras
Associate Justice